**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN JOSE GAITAN AMADOR,<br><br>                     Petitioner,<br><br>    v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>                   Respondent. | Case No. 26-cv-01106-BAS-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Ruben Jose Gaitan Amador filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that he was improperly detained after making a wrong turn onto a marine base, and that he should be released pending his asylum case. (ECF No. 1.)  The Government's Response was exceedingly unhelpful, stating only that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225, but that it recognizes that in the past the Court had found 8 U.S.C. § 1226 to be applicable in other cases.

In light of the unhelpful briefing from either party, the Court referred the case to Federal Defenders for possible appointment of counsel.  (ECF No. 6.)  Federal Defenders filed a Traverse with an attached Declaration from Petitioner, arguing that Petitioner's re-

- 1 -

detention after his release on parole violated both the Administrative Procedure Act and the Due Process Clause. (ECF No. 10.) In light of what appeared to be new arguments in the Traverse, the Court gave the Government the opportunity to file a Sur-Reply. (ECF No. 11.) The Government declined to do so.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Nicaragua, entered the United States on November 6, 2022, and was paroled into the United States one day later to enable him to pursue an asylum petition. (ECF No. 10-1.) Petitioner filed his asylum petition and complied with all of the conditions of his release. (*Id.*) He has not committed any crimes. (*Id.*) On January 22, 2026, the Department of Homeland Security ("DHS") re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community. (*Id*.) Petitioner seeks immediate release from immigration custody.

## III.    ANALYSIS

Although the Government seems to agree that Petitioner may be entitled to a bond hearing, it bases its concession on the belief that Petitioner was arrested in the interior of the United States and, thus, pursuant to the reasoning of *Maldonado Bautista v. Santacruz,* __ F. Supp. 3d___, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), may be subject to a hearing pursuant to 8 U.S.C. §1226.   (ECF No. 4.)  However, the *Maldonado Bautista*

- 2 -

reasoning only applies to individuals who entered without inspection and were not apprehended upon arrival. *Id.* Petitioner was apprehended at the border upon arrival, so the reasoning of *Maldonado Bautista* is inapplicable.

Nonetheless, this Court finds Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights.

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding he was not a flight risk or a danger to the community in November 2022, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of

26cv1106

these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge.  Hence, the Court **GRANTS** the Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** Ruben Jose Gaitan Amador (A# 246-231-433) be released forthwith on the same terms and conditions as he was ordered released in November 2022.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 25, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv1106